HAYES v. GUARD ET AL.
HAYES v. JACKSON.

*Statute of limitations — Section 11224, General Code — Trespass — Damages by dog killing sheep.*

An action for damages against the owner of a dog which enters upon the premises of another and damages sheep thereon, belonging to such person, is an action in trespass and must be brought within four years from the happening of the event. under Section 11224, General Code.

(Decided March 25, 1918.)

ERROR:    Court of Appeals for Hamilton county.

*Mr. John Thorndyke* and *Mr. Robert A. Kramer,* for plaintiff in error.

*Mr. H.: J. Buntin,* for Mary Guard and Andrew Jackson, defendants in error.

BY THE COURT.    These two actions involve the same question and were tried together.

The plaintiff in his petition in each case alleges that the defendants owned and harbored on their premises a .dog which on certain dates entered plaintiff's premises and did unlawfully attack, chase, bite, worry and kill certain sheep and lambs of plaintiff, for which damages are sought.

In each case the alleged trespass and injury to plaintiff's sheep and lambs occurred more than five years before the filing of the petition.

A demurrer to the petition in each case was sustained by the court of common pleas on the ground that the action was substantially one in trespass and must be brought within four years, under Section 11224, General Code.

The plaintiff in error insists that the actions are upon liability created by statute, claiming that same arise under Section 5838, General Code, and are maintainable within six years from the time they occurred.

Section 5838 is as follows

"A dog that chases, worries, injures or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal or person, can be killed at any time or place; and, if in attempting to kill such dog running at large a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals. The owner or harborer of such dog shall be liable to a person damaged for the injury done."

This section of the statute does not create a new liability under statute, but is merely declaratory of the common law and dispenses with the necessity of plaintiff proving *scienter* in an action against the owner or harborer of a vicious dog.

The injuries were alleged to have occurred upon the premises of the plaintiff while the animal was trespassing thereon, and the actions are clearly those growing out of trespass (*Morgan* v. *Hudnell*, 52 Ohio St., 552, 554), and are therefore under the limitation provided in Section 11224, General Code.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*


JONES, P. J., GORMAN and HAMILTON, JJ., concur.